IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CR No. 22-CR-00003 JFH |
| ) | |
| ROBERT WILLIAM RAINFORD, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S OPPOSED MOTION TO PRECLUDE IMPROPER DISCLOSURE OF SEALED PSYCHOLOGICAL EVALUATION

COMES NOW, the Defendant, ROBERT WILLIAM RAINFORD, by and through his attorneys of record, Assistant Federal Public Defenders, Darren Robinson and Daniel Rubin, respectfully moves the Court for an order precluding the Government from sharing the report prepared by Dr. Johnson and filed under seal with this Court with any other experts or consultants without express permission of this Court. Further, Mr. Rainford asks that the Court order the Government to disclose the identity of any expert or consultant who has reviewed the report and the results of that review and discussion, whether or not a written report was prepared.

The Government opposes this Motion.

### BACKGROUND

Mr. Rainford is charged with multiple offenses, including first-degree murder, as a result of an incident in which he shot his neighbor. Doc. 19.

The defense, on January 21, 2022, moved for an evaluation of Mr. Rainford's mental competency. Doc. 31 (Sealed). The Government opposed an evaluation by the defense's proposed expert, and instead requested that Mr. Rainford be sent to a Bureau of Prisons facility for

evaluation. Doc. 33 (Sealed). This Court ordered that Mr. Rainford would be transported to a BOP facility for evaluation on February 14, 2022. Doc. 37 (Sealed). An evaluation by Dr. Lesli Johnson, Ph.D., at the BOP facility in Houston was performed and the report was filed under seal on May 20, 2022. Doc. 39 (Sealed).

On June 27, 2022, Mr. Rainford, through counsel, filed an unopposed motion to continue the trial and any pretrial motions and waiving his Speedy Trial Rights. Doc. 47. Defendant specifically stated he had "retained the services of a psychiatrist with expertise in pharmaceuticals to evaluate Mr. Rainford and determine whether any notice under Rule 12.2 of the Federal Rules of Criminal Procedure will be necessary, among other things." Doc. 47 at 1-2. On August 26, 2022, the defense gave notice of its intention to present an insanity defense and expert evidence relating to a mental condition of the defendant at trial. Doc. 53. The Government moved, pursuant to 18 U.S.C. § 4242, for an examination of the defendant on September 22, 2022. Doc. 55. The applicable statute, § 4242(a), provides for the psychiatric or psychological evaluation of the defendant, and further states that the report will be conducted pursuant to 18 U.S.C. § 4247(b) and (c). Section 4247(c) provides for providing copies of the report to defense counsel and government counsel. The Government did not specify whether it wanted a psychiatric or psychological evaluation. *See* Doc. 55.

This Court granted the Government's motion for an evaluation of Mr. Rainford at a Bureau of Prisons facility. Doc. 57. The evaluation of Mr. Rainford was performed by Lesli Johnson, Ph.D., at a BOP facility in Houston, TX. The report was filed under seal on January 23, 2023. Doc. 63 (Sealed). The Government filed an Unopposed Motion to Share Sealed Competency and Sanity Evaluations with Expert on January 25, 2023. Doc. 65. The Government indicated that it "desires a second opinion on the Bureau of Prisons report and has consulted with *an* expert." Doc. 65 at 2

(emphasis added). Thus, it asked the Court for permission to share the sealed reports with *an* expert. *Id.* This Motion was granted by the Court. Doc. 71.

On January 26, 2023, the defense filed its notice of intent to offer the expert testimony of Dr. Johnson. Doc. 67.

On February 21, 2023, the Government asked defense counsel via email whether defense counsel opposes a motion to share the sealed BOP report with another psychiatrist. On February 22, 2023 AFPD Robinson responded via email that he opposed the sharing of the sealed BOP report with anyone other than the original Court ordered expert and that a second one would facilitate expert shopping. AFPD Robinson also emailed that, to the extent that the Government has already shown the sealed BOP report to an expert, that defense would like to know what happened and, if exculpatory, this would be Brady material.

On February 23, 2023, the Government indicated via email that the Government had reviewed the Court's order and his feeling that another motion was unnecessary. AFPD Rubin responded the same day via email that the original Motion (Doc. 65) and the Court's Minute Order (Doc. 71) contemplates *one* expert and, to the extent that the Government would like to share the sealed BOP report with *another* expert, defense is opposed and that the Government will need to file a Motion to request permission of the Court. The Government responded via email stating defense should feel free to file a motion and, frankly, the Government questions whether it ever needed to file the initial motion.

## DISCUSSION

The BOP reports on competency and sanity are sealed. The sealing of these reports protects Mr. Rainford's right to privacy in his medical records. The courts have recognized that, despite the presumption of public access, an individual's right to privacy may justify denying public access

to particular information contained in a court proceeding or document. *See Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 511-12 (1984). "The sealing of medical records is often one such exception to the presumption of public access to court records." *Dovbysh v. Mut. of Enumclaw Ins. Co.*, 2:21-CV-690 HCN DBP, 2022 WL 17128816, at *2 (D. Utah Nov. 22, 2022).

The Government previously acknowledged that the BOP reports are sealed and that a Court Order is necessary to disclose them to persons who are not members of the prosecution or defense legal team by moving for permission to share the sealed evaluations with an expert. Doc. 65. Now, the Government seeks to further share the sealed reports with one or more additional "experts" and apparently believes that any experts it chooses to consult with are members of the prosecution team and thus it does not need permission from this Court to share the reports. The defense disagrees. Expert witnesses, whether merely consulted or hired as witnesses, are not automatically members of the prosecution team unless they are actually involved in making decisions about prosecutorial strategy.

For example, in *United States v. Ellis*, the defense moved for production of additional software materials, beyond the case-specific materials the Government had turned over, so that it could test the reliability of TrueAllele. The Court denied the motion, saying:

> As another court has explained, "[i]ndividuals who perform investigative duties or make strategic decisions about the prosecution of the case are considered members of the prosecution team, as are police officers and federal agents who submit to the direction of the prosecutor and participate in the investigation." *United States v. Barcelo*, 628 F. App'x 36, 38 (2d Cir. 2015). "[T]he relevant inquiry is what the person did, not who the person is." *United States v. Stewart*, 433 F.3d 273, 298 (2d Cir. 2006). Thus, an expert witness, not involved with investigation or prosecutorial strategy, has not been considered part of the prosecution team. *See id*. at 298-99.

*United States v. Ellis*, 19-369, 2020 WL 7074622, at *2 (W.D. Pa. Dec. 3, 2020). The Court concluded that the genetics testing company involved in the case was just an expert witness that was not involved in making decisions about prosecutorial strategy. *Id*.

The Tenth Circuit has not specifically addressed the issue of expert witnesses. However, in *United States v. Ackerman*, 831 F.3d 1292 (10th Cir. 2016), the Tenth Circuit addressed whether NCMEC qualified as a governmental entity and therefore whether the Fourth Amendment applied to the search of the defendant's email that NCMEC did. The Court noted that an incorporated entity, such as NCMEC, might also be a governmental entity: "the dispositive question isn't one of form but function, turning on what the entity does, not how it is organized." *Ackerman*, 831 F.3d at 1295. NCMEC had broad police powers, a classic governmental function. *Id*. at 1296-97. Additionally, the Court pointed to similarities to Amtrak, which the Supreme Court had recently held was a governmental entity despite being a publicly owned corporation. *Id.* at 1297-98. The Tenth affirmed its earlier conclusion that "a governmental licensing and regulation regime does not always suffice to render the licensed or regulated party a governmental entity or agent. After all private lawyers, doctors, and accountants are all licensed and regulated by the state, yet they don't (usually) qualify as governmental entities or agents." *Id.* at 1303. The Court concluded that NCMEC is a governmental entity or agent and that it searched the defendant's email without a warrant. *Id*. at 1308.

There is no indication that any mental-health professionals – whether psychologists, psychiatrists or other specialists – are members of the prosecution team. Presumably, they are private doctors who the Tenth Circuit has held "don't (usually) qualify as governmental entities or agents." *Ackerman*, 831 F.3d at 1303. In this case, and based on email communications with the Government, it appears the Government has already shared the sealed reports with at least one

possible expert witness, with the Court's permission, and it now seeks to share Mr. Rainford's medical information, properly sealed by this Court, with at least one more person and possibly multiple private doctors and potential witnesses for their evaluation without obtaining this Court's permission and over Mr. Rainford's objection.

It is also Mr. Rainford's position that, if the Government has shown or shows the reports to other potential experts, the identities and opinions of those experts must be shared with the defense, whether or not a written report was prepared and whether or not the expert will be testifying at trial. It is the defendant's position that any expert opinion that agrees with Dr. Johnson's conclusions and disagrees with the any expert witness of the Government is exculpatory material and therefore disclosable evidence that tends to negate the guilt of the Defendant, mitigate the degree of the offense, or reduce the punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Evidence is favorable if its disclosure "would have resulted in a markedly weaker case for the prosecution and a markedly stronger one for the defense." *Kyles v. Whitley*, 514 U.S. 419, 441 (1995). For example, if the value of the State's "witnesses would have been substantially reduced or destroyed" by the undisclosed evidence, then that evidence is favorable. *Id*. This would include non-testifying experts consulted by the Government and their reports and conclusions. *See United States v. Ryan*, 153 F.3d 708, 712 (8th Cir. 1998) (one government expert's disagreement with other government experts was exculpatory to defendant; relief denied on another ground). Evidence that the government had consulted with other experts before finding one to testify in the Government's favor would be exculpatory and could be used to impeach the government's witness.

## CONCLUSION

WHEREFORE, Mr. Rainford requests that the Court grant the foregoing requested relief, denying the Government permission to share the sealed reports with additional persons who are not members of the prosecution team, and grant such additional relief as is just and proper, such as ordering the Government to disclose the identities of any experts to whom it has shown the report and what those experts had to say, regardless of whether a report was written or not and regardless of whether the expert testifies at trial.

Respectfully submitted,

**FEDERAL PUBLIC DEFENDER**
506 S. Main St., Ste. 400
Las Cruces, New Mexico 88001
Telephone: (575) 527-6930

*Electronically filed on March 1, 2023*
By: */s/ Darren Robinson*
DARREN ROBINSON
Assistant Federal Public Defender

and

By: */s/ Daniel Rubin*
DANIEL RUBIN
Assistant Federal Public Defender