IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 6:22-CR-00003 JFH |
| ROBERT WILLIAM RAINFORD, | ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S OMNIBUS MOTION *IN LIMINE* AND BRIEF IN SUPPORT**

COMES NOW, the Defendant ROBERT WILLIAM RAINFORD, by and through his attorneys of record, Assistant Federal Public Defenders, Darren Robinson and Daniel Rubin, respectfully requests that the Court enter orders *in limine*. The Government opposes this motion. Specifically, Mr. Rainford requests that the Court enter orders *in limine*:

1. excluding irrelevant, duplicative, and unfairly prejudicial photographs of the crime scene and of the deceased and portions of the lapel cam videos taken when law enforcement and other personnel responded to the scene, and audio recordings, that the government may propose to show the jury;

2. barring lay and fact witnesses to from opining about Mr. Rainford's mental state at the time of the shooting and immediately following the shooting;

3. excluding Lisa Rainford's testimony under the Federal Rules of Evidence as it would be speculative and irrelevant;

4. prohibiting any witness from testifying regarding alleged prior drug use or abuse by Mr. Rainford, including testimony that he obtained drugs from Allen Cook, as such evidence should be excluded pursuant to Federal Rules of Evidence 404(b) and 403;

5. precluding any attempt by the government to proffer additional, unidentified photographs, video or audio at trial and ordering excluding any exhibits and witnesses not identified prior to the trial scheduling conference;

6. prohibiting lay witnesses, including Dr. Kirk, from testifying that Mr. Rainford was displaying "drug-seeking" behavior;

7. excluding testimony from J.R., or any other witness, that Mr. Rainford previously made statements about breaking a man's neck in Chicago;

8. excluding, on the grounds that it is speculation, testimony from J.R. that J.R. knows or believes Mr. Rainford remembers the shooting because, after the incident, Mr. Rainford allegedly told J.R. that he would cover for J.R. if J.R. were to commit a crime;

9. barring the admission of evidence that Mr. Rainford told Dr. Samuel Montgomery in the Emergency Room shortly after the shooting that he had used methamphetamine;

10. barring the admission Mr. Rainford's statements regarding counsel made during his FBI interrogation.

The government has not yet provided a list of exhibits and witnesses. Accordingly, this motion is filed prophylactically. It is made pursuant to the Fifth and Sixth Amendments to the United States Constitution and the Federal Rules of Evidence, as well as applicable case law. In support, Mr. Rainford states as follows:

## BACKGROUND

Mr. Rainford has been charged with: Count 1, first-degree murder in Indian Country; Count 2, use, carry, brandish and discharge of a firearm during and in relation to a crime of violence; and Count 3, causing the death of a person in the course of violating 18 U.S.C. 924(c). There is also a forfeiture allegation, which is not relevant to this proceeding.

The charges arise out of the shooting death of Steven Scoggins on December 12, 2021. Mr. Rainford intends to present evidence that, at the time of the shooting, he was insane and involuntarily intoxicated because he had been taking Adderall as prescribed by his physician, and as a result he could not and did not form the requisite intent to commit the charged offenses.

## DISCUSSION

I.  **The Court should enter an order excluding prejudicial photographs of the crime scene and of the deceased, portions of the lapel cam videos taken when law enforcement and other personnel responded to the scene, and audio recordings that the government may propose to show the jury.**

Mr. Rainford anticipates that the government may attempt to show the jury videos taken by first responders to the scene, which, on information and belief, show the decedent's children and wife crying and fearful; video of people being arrested or threatened with arrest' and audio recordings of the 911 call made to report the incident and other audio recordings taken at or near the time of the incident. He also anticipates that the government will attempt to introduce and publish multiple crime scene photographs.

Mr. Rainford objects to the admission of irrelevant, duplicative, and (especially in light of their lack of probative value) unfairly prejudicial exhibits, and he asks this Court to limit such exhibits to those that are relevant, necessary, and not unfairly prejudicial.

Relevant evidence is only that that has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence which is not relevant is not admissible. Fed. R. Evid. 402. In considering the probative value of a particular piece of evidence, the Court should consider the alternative bases

for the government to prove its case. *See United States v. Awadallah*, 436 F.3d 125, 132 (2d Cir. 2006) (citing *Old Chief v. United States*, 519 U.S. 172, 184 (997)).

Additionally, Fed. R. Evid. 403 says that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "[U]nfair prejudice means [an] undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) (quoting the Advisory Committee Notes to Fed. R. Evid. 403). The Tenth Circuit has stated that evidence is unfairly prejudicial if it "tends to affect adversely the jury's attitude toward the defendant *wholly apart* from its judgment as to his guilt or innocense [sic] of the crime charged." *United States v. Ford*, 613 F.3d 1263, 1268 (10th Cir. 2010) (emphasis in original) (quotation marks and citation omitted). Moreover, cumulative evidence should not be admitted. Fed. R. Evid. 403 (evidence may be excluded if cumulative); *United States v. Solomon*, 399 F.3d 1231, 1240 (10th Cir. 2005) (no abuse of discretion for trial court to exclude photographs that were merely cumulative of eyewitness testimony).

Accordingly, even if some photographs and some portions of the video and audio recordings are relevant, Mr. Rainford asks this Court to exclude irrelevant, cumulative, and unfairly prejudicial photographs and portions of recordings. See *United States v. Elksnis*, 528 F.2d 236, 238-39 (9th Cir. 1975) (exclusion of relevant, but cumulative, evidence is within the discretion of the trial court). "Cumulative evidence replicates other admitted evidence." *United States v. Ives*, 609 F.2d 930, 933 (9th Cir. 1979).

4

The government should be required to limit its selection of exhibits to those that are necessary and not bombard the jury with multiple items that prove the same things. *Cf. United States v. Edwards*, 540 F.3d 1156, 1162-63 (10th Cir. 2008) (no abuse of discretion to allow government to introduce five out of 35 recorded 911 calls). The Tenth Circuit has held that "[d]istrict courts thus typically have discretion to admit graphic photos that add relevant detail or support relevant medical testimony." *United States v. Oldman*, 979 F.3d 1234, 1250 (10th Cir. 2020) (footnote omitted). The corollary, of course, is that graphic photos that *do not* add relevant detail or support relevant medical testimony should not be admitted. *See United States v. Smith*, 534 F.3d 1211, 1219 (10th Cir. 2008) (photographs of bloodied, bullet-ridden bodies and blood-stained clothes that "add[ed] nothing to the description … *except* shock, is prejudicial under Rule 403") (emphasis in original)). A "prudent exercise of the court's discretion [can give] the government what it [is] entitled to have, but no more." *United States v. Sampol*, 636 F.2d 621, 680 (D.C. Cir. 1980).

Presenting numerous photos of the crime scene and video and audio showing the decedent's family at the time of the shooting undoubtedly will incite the jury and serves only an inflammatory purpose without providing any probative value. *Cf. Lee v. Anderson*, 616 F.3d 803, 810 (8th Cir. 2010) (finding relevance of gang affiliation evidence "attenuated, and evidence of Fong Lee's gang membership was, at best, marginally probative of his motive in fleeing from the officers"); *United States v. Street*, 548 F.3d 618, 631-32 (8th Cir. 2008) (finding reversible error where witnesses were allowed to offer testimony concerning the "violent tendencies and criminal dispositions of gangs in general and of the Kansas City El Forasteros in particular").

Finally, the exhibits risk confusing the pertinent legal and factual issues, as well as misleading the jury as to which facts are of consequence in its deliberations. *See United States v.*

*Brown*, 500 F.3d 48, 57-58 (1st Cir. 2007) (relevance of testimony to impeach informant mixed issues related to pretrial litigation and was "tenuous at best."); *United States v. Jordan*, 485 F.3d 1214, 1218-22 (10th Cir. 2007) (evidence showing another's testimony not credible and implying he committed the offense was properly excluded because it was likely to invite speculation or confusion); *United States v. Jones*, 768 F.3d 1096, 1104 (10th Cir. 2014) (in prosecution for improper grazing on public lands, proper to exclude agent's opinion that Wyoming's fence-out law should apply because testimony would have confused and misled jury and kept it from concentrating on applicable law or offense's elements).

The only issues before the jury in this case will be whether Mr. Rainford had the necessary *mens rea* to intentionally and with malice aforethought kill the decedent, and whether the defenses related to Mr. Rainford's mental condition apply. Mr. Rainford does not deny killing the decedent. Accordingly, the only portions of the videos and audio that are relevant to the issue of *mens rea* are those showing Mr. Rainford's demeanor at the time of the incident. Any video or audio depicting the shock, grief, and horror of the decedent's family or arrests of other persons would be unfairly prejudicial and irrelevant to the issues that the jury must decide. For the foregoing reasons, the government should be limited to only those exhibits that show relevant information and that are not irrelevant, cumulative or unfairly prejudicial.

**II.     The Court should enter an order barring lay and fact witnesses to from opining about Mr. Rainford's mental state at the time of the shooting and immediately following the shooting.**

Mr. Rainford anticipates that the government may attempt to elicit testimony from lay and fact witnesses to the effect that, at the time of the shooting or immediately following the shooting, Mr. Rainford appeared to know what he was doing or otherwise speculating as to his mental condition. Further, the government may attempt to have such witnesses opine thar Mr.

Rainford knew right from wrong at the time. As rule 701 limits lay witness opinion testimony, such testimony would be improper and should be barred.

According to Federal Rule of Evidence 701 states, if a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:

(a) rationally based on the witness's perception;

(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. The Advisory Committee Notes state that the amendments to Rule 701 were intended to "eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Fed. R. Evid. 702, Advisory Committee Notes, 2000 Amendments (citation omitted). The amendments are also intended to ensure that a party will not evade the expert witness disclosure requirements. *Id.* "The amendment makes clear that any part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702 and the corresponding disclosure requirements of the Civil and Criminal Rules." *Id.*

Thus, lay witnesses may testify as to their observations of Mr. Rainford. However, any opinion or testimony in which they assert that Mr. Rainford had a certain mental state, for instance, that he appeared to be rational, would be an inappropriate expert opinion by lay witnesses who are not qualified as expert witnesses and who do not have special knowledge regarding psychology or psychiatry. "[A] lay opinion witness 'may not testify based on

7

speculation, rely on hearsay or interpret unambiguous, clear statements.'" *United States v. Lloyd*, 807 F.3d 1128, 1154 (9th Cir. 2015) (quoting *United States v. Vera*, 770 F.3d 1232, 1242 (9th Cir. 2014)). Any statements by lay witnesses opining about Mr. Rainford's state of mind would be rank speculation without proper training or foundation, and thus inadmissible.

**III.     The Court should enter an order excluding Lisa Rainford's testimony under the Federal Rules of Evidence as it would be speculative and irrelevant.**

Relevant evidence is only that evidence that has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence which is not relevant is not admissible. Fed. R. Evid. 402. Additionally, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidence is unfairly prejudicial if it "tends to affect adversely the jury's attitude toward the defendant *wholly apart* from its judgment as to his guilt or innocense [sic] of the crime charged." *United States v. Ford*, 613 F.3d 1263, 1268 (10th Cir. 2010) (emphasis in original) (quotation marks and citation omitted).

On information and belief, the Government may proffer Lisa Rainford as a witness. Lisa Rainford is Mr. Rainford's ex-wife to testify regarding Mr. Rainford's alleged past drug use and his interactions with Dr. Kirk. She has no first-hand knowledge of the charged incident, and no first-hand knowledge of the events leading up to the victim's shooting. Any knowledge she might have is too old to be relevant, speculative, or based on hearsay. Since she lacks personal knowledge that is relevant to the issues before the jury, her testimony is irrelevant and should be excluded. *See* Fed. R. Evid. 602 (stating, "A witness may testify to a matter only if evidence is

introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony."). "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. As Lisa Rainford lacks personal knowledge regarding Mr. Rainford's drug use at the time of the shooting, her testimony is inadmissible.

### IV.    Potential testimony regarding alleged prior drug use or abuse by Mr. Rainford should be excluded pursuant to Federal Rules of Evidence 404(b) and 403.

Any testimony that Lisa Rainford or any other witness might proffer regarding alleged prior drug use by Mr. Rainford, including testimony that he obtained drugs from Allen Cook, should be excluded pursuant to Federal Rules of Evidence 404(b) and 403.

Rule 404(b) bars the admission of evidence of prior bad acts, like drug use, for the purpose of establishing a defendant's propensity to engage in such bad acts. Fed. R. Evid. 404(b). However, that prohibited purpose is the only purpose Lisa Rainford's testimony would serve. None of her pretrial statements establish that she has direct personal knowledge that Mr. Rainford was using drugs, other than those prescribed to him in the amounts they were prescribed to him, at the time of shooting. At the time of the shooting, Mr. Rainford and Lisa Rainford were divorced and no longer cohabitating.

Regarding Rule 403, even if evidence were marginally relevant, Rule 403 allows a Court to exclude even relevant evidence "if its probative value is substantially outweighed by … unfair prejudice[.]" The term "unfair prejudice" "means "an undue tendency to suggest decision on an improper basis…." FRE 403, Advisory Committee Notes. In *Nesbitt v. Sears, Roebuck and Co.*, 415 F.Supp.2d 530, 540 (E.D. Pa. 2005), the court recognized that testimony regarding a party's previous drug use would unfairly prejudice the jury against the party by potentially causing the

9

jurors to jump to the conclusion that party was voluntarily under the influence of such drugs at the time of the relevant conduct. Relying on Rule 403, the *Nesbitt* court held that such evidence was inadmissible. This Court should draw the same conclusion in this case. If the jury is told that Mr. Rainford voluntarily used or abused drugs in the past, that may cause the jury to jump to the unfairly prejudicial conclusion that he must have also been voluntarily intoxicated at the time of the shooting.

V. **The Court should enter an order precluding any attempt by the government to proffer additional, unidentified photographs, video or audio at trial and ordering the exclusion of any exhibits and witnesses not identified prior to the trial scheduling conference.**

This Court has ordered a pretrial conference. Rule 16(d)(1) of the Federal Rules of Criminal Procedure authorizes this Court to regulate discovery. Rule 16(d)(2) states that, if a party fails to comply with this rule, the court may:

(A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;

(B) grant a continuance;

(C) prohibit that party from introducing the undisclosed evidence; or

(D) enter any other order that is just under the circumstances.

Fed. R. Crim. P. 16(d)(2). This rule "gives the district court broad discretion in imposing sanctions on a party who fails to comply with a discovery order." *United States v. Wicker*, 848 F.2d 1059, 1060 (10th Cir. 1988). The Court observed that "[o]n occasion the district court may need to suppress evidence that did not comply with discovery orders to maintain the integrity and schedule of the court even though the defendant may not be prejudiced." *Id.* at 1061.

*Wicker* outlines the test for determining whether evidence should be excluded for untimely disclosure. *Id.* The non-exclusive factors to consider are:

> (1) the reasons the government delayed producing the requested materials, including whether or not the government acted in bad faith when it failed to comply with the discovery order; (2) the extent of prejudice to the defendant as a result of the government's delay; and (3) the feasibility of curing the prejudice with a continuance.

*Id.* (citation omitted); *see also United States v. Adams*, 271 F.3d 1236, 1243-44 (10th Cir. 2001). The Court is not required to consider all three factors. In *Adams*, the Court upheld the exclusion of a party's expert testimony on the sole ground that the expert was not disclosed until three days before trial. *Id.* at 1244. *See also United States v. Campagnuolo*, 592 F.2d 852, 858 (5th Cir. 1979) (there is no abuse of discretion when "a district judge for prophylactic purposes suppresses evidence … the government should have disclosed earlier"). Thus, even though "[a] continuance may normally be the most desirable remedy for the government's failure to comply with a discovery order[,]" *Wicker*, 848 F.2d at 1062, that does not mean "a continuance is necessary just because it will cure the prejudice." *United States v. Russell*, 109 F.3d 1503, 1512 (10th Cir. 1997).

Mr. Rainford will be prejudiced if the government belatedly identifies trial exhibits. "To support a finding of prejudice, the court must determine that the delay impacted the defendant's ability to prepare or present its case." *United States v. Golyansky*, 291 F.3d 1245, 1250 (10th Cir. 2002). This is a homicide case with voluminous discovery. The government has not to date identified any potential exhibits for trial. As such, it is impossible for the defense or the Court to determine if any specific exhibits are objectionable. Exclusion of untimely identified exhibits is

therefore warranted. *See United States v. W.R. Grace*, 526 F.3d 499, 510-16 (9th Cir. 2008) (district court did not abuse its discretion in requiring government to disclose its final list of witnesses a year before trial and excluding undisclosed witnesses and reports from the government's case-in-chief).

**VI.     This Court should enter an order prohibiting lay witnesses, including Dr. Kirk, from testifying to his opinion that Mr. Rainford displayed "drug-seeking" behavior.**

Based on discovery, Mr. Rainford believes the Government may elicit testimony from Dr. Kirk that Mr. Rainford displayed "drug-seeking" behavior shortly before the shooting. Such testimony should be excluded, as its admission is barred by Federal Rule of Evidence 701. Pursuant to that rule, if "a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact at issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. While Dr. Kirk may testify about relevant behavior that he may have observed, his testifying to his medical opinion that such behavior constituted "drug-seeking" behavior would cross the line. The medical conclusion that certain behavior is "drug seeking" constitutes scientific, technical, or other specialized knowledge that is within the scope of Rule 702.

Under Rule 701, "a treating physician who has not been identified as an expert witness… may not provide testimony beyond the scope of her treatment of plaintiff and [the physician's] conclusions must fall within the province of a lay witness." *Parker v. Central Kansas Medical Center*, 57 F. App'x 401, 404 (10th Cir. 2003) (internal quotations omitted). "The Federal Rules of Evidence provide that only Rule 702 expert witnesses may provide expert medical opinions." *N.K. by Bruestle-Kumra v. Abbot Labs*, 731 F. App'x 24, 26 (2d Cir. 2018). A treating physician testifying as a lay witness cannot testify to medical opinions

regarding causation, because such opinions require "knowledge derived from previous professional experience" which falls squarely within the scope of 702 and thus by definition outside of Rule 701. *James River Ins. v. Rapid Funding, LLC*, 658 F.3d 1207, 1215 (10th Cir. 2011). Dr. Kirk may testify to his otherwise relevant and admissible observations. But, as the Government has not indicated that it intends to call Dr. Kirk as an expert witness, Rules 701 and 702 bar him from testifying about his medical opinion, based on his knowledge derived from his professional experience, that Mr. Rainford's behavior was "drug-seeking."

**VII.     This Court should enter an order excluding testimony from J.R., or any other witness, that Mr. Rainford previously made statements about breaking a man's neck in Chicago.**

Based on discovery, Mr. Rainford believes the Government may try to introduce testimony from Mr. Rainford's child, J.R., that Mr. Rainford said he had broken another man's neck in Chicago in an act of self-defense at least 15 years ago. Such testimony should be excluded because it is irrelevant under Federal Rules of Evidence 401 and 402. Mr. Rainford's alleged statement regarding the Chicago incident has no tendency to make any fact of consequence in this action any more or less probable. Additionally, even if it were relevant, any probative value would be substantially outweighed by the danger of unfair prejudice, so it would be inadmissible under Federal Rule of Evidence 403. Finally, the Government has not provided notice that it intends to introduce this evidence as a prior bad act under Federal Rule of Evidence 404(b), so that Rule does not provide a basis for the evidence's admission.

**VIII.    This Court should enter an order excluding, on the grounds that it is speculation, testimony from J.R. that J.R. knows or believes Mr. Rainford remembers the shooting because, after the incident, Mr. Rainford allegedly told J.R. that he would cover for J.R. if J.R. were to commit a crime.**

Based on discovery, Mr. Rainford believes the Government may try to elicit testimony from J.R. that Mr. Rainford remembers the shooting. The Government may also attempt to

introduce testimony about the basis of J.R.'s belief, which is that Mr. Rainford had previously told J.R. that he would not cover for J.R. if J.R. were to commit a crime, but after the shooting he told J.R. that he had changed his mind and he would cover for J.R. This testimony would not be based on J.R.'s own personal observations of Mr. Rainford's conduct at the time of the shooting or following the shooting. Instead, the testimony would be based on J.R.'s own speculation about the meaning of an unrelated conversation with Mr. Rainford.

"A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. "[T]estimony is inadmissible when it is speculative" *United States v. Tapaha*, 891 F.3d 900, 906 (10th Cir. 2018), citing *Hill v. J.B. Hunt Transp., Inc.,* 815 F.3d 651, 666 n.10 (10th Cir. 2016). As J.R. does not have personal knowledge as to whether Mr. Rainford in fact remembers the shooting, J.R.'s opinion on the matter is inadmissible.

**IX.  This Court should enter an order barring the admission of evidence that Mr. Rainford told Dr. Samuel Montgomery in the Emergency Room shortly after the shooting that he had used methamphetamine.**

According to the Government's "Motion to Introduce Evidence under Federal rule of Evidence 404(b) Through Cross-Examination or in Rebuttal," it intends to introduce evidence at trial that Mr. Rainford allegedly made a statement in the Emergency Room that he had used methamphetamine on the day of the shooting. This evidence is not admissible under Rule 404(b) for the reasons detailed in Mr. Rainford's response to the State's motion. However, in addition to denying the State's motion, Mr. Rainford also requests for the reasons detailed in his response that the Court enter an order *in limine* clarifying that such evidence will not be admissible during cross-examination, rebuttal, or the government's case in chief.

Dr. Montgomery explicitly stated in a recent interview with law enforcement that he does not personally remember what Mr. Rainford said. He was unable to recollect Mr. Rainford's statements to him, even after he reviewed the report. Dr. Montgomery observed that the medical report incorrectly states that Mr. Rainford tested positive for methamphetamine, but Dr. Montgomery based that statement on the document, not his own memory. As Dr. Montgomery does not have current personal knowledge of his actual statements, and a review of the relevant medical records was unable to refresh his recollection, he should not be allowed to testify regarding Mr. Rainford's alleged statements. *See* Fed. R. Evid. 602 (stating, "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter).

This also means that Dr. Montgomery's written statement in the medical report that Mr. Rainford told him that he had used methamphetamine on the day of the shooting is not admissible. Pursuant to Federal Rule of Evidence 803(5)(c), a recorded recollection must "accurately reflect the witness's knowledge" in order for it to be admissible. In this case, it cannot be established that the notation accurately reflects Dr. Montgomery's knowledge at the time he met with Mr. Rainford, as opposed to being an accidental conflation of methamphetamine and amphetamine. The likelihood that Dr. Montgomery accidentally conflated the terms "methamphetamine" and "amphetamine" in the report is best evidenced by his statements in the report that Mr. Rainford "states he does have a prescription however did admit to using methamphetamine today," and "His UDS is positive…methamphetamine." Mr. Rainford's urine drug screen was not positive for methamphetamine; it was positive for amphetamine, which he was prescribed at the time. Also, there is no other evidence that Mr. Rainford used or claimed to have used methamphetamine that day. Notably, law enforcement did

not even find methamphetamine or methamphetamine paraphernalia on Mr. Rainford's person or in his home after the shooting.

The untrustworthiness of this portion of the report also means that it is not admissible as a record of regularly conducted activity under Federal Rule of Evidence 803(6). Pursuant to Rule 803(6)(E), where the opponent of evidence shows that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness, the record is not admissible.  As this portion of the medical report is undermined by Dr. Montgomery's lack of a memory of the conversation and apparent conflation of amphetamine and methamphetamine, refuted by the results of the urinalysis, and unsupported by any other evidence, it lacks the trustworthiness required for admission. See Fed. R. Evid. 803(6). As such, the Court should order its exclusion.

**X.     The court should enter an order barring the admission Mr. Rainford's statements regarding counsel made during his FBI interrogation.**

Mr. Rainford was interviewed by the FBI on December 12, 2021, at 3:55 p.m., shortly after the shooting. About five minutes into the recording of that interview, Mr. Rainford discussed the possibility of retaining a lawyer, noting that his father has a lawyer and questioning whether going with that lawyer would be "best." Then, just over 42 minutes into the interrogation Mr. Rainford again audibly questioned whether he should obtain a lawyer. Finally, just over 51 minutes into the interrogation, Mr. Rainford said, "I think I do need a lawyer."

These statements should be excluded, as their admission would draw attention to the fact that Mr. Rainford considered invoking his right to counsel. When the Government draws attention to a defendant's decision regarding whether to invoke counsel, it violates the defendant's right to due process. See *United States v. Kallin*, 50 F.3d 689, 693 (9th Cir. 1995) (holding that the reasoning of *Doyle v. Ohio*, 426 U.S. 610, 619 (1976) extends to comments on a defendant's decision to retain counsel). "The right to counsel is included in the *Miranda*

warnings, and as such is covered by the implicit assurance that invocation of the right will carry no penalty." *United States v. Daoud*, 741 F.2d 478, 480 (1st Cir. 1984). For this reason, Mr. Rainford asks this Court for an order *in limine* precluding any testimony that Mr. Rainford discussed obtaining counsel, and that his statements regarding counsel be redacted from the recording of the FBI interrogation if it is introduced at trial.

## CONCLUSION

WHEREFORE, Mr. Rainford requests that the Court grant the foregoing requested relief and such additional relief as is just and proper, such as appropriate limiting instructions.

Respectfully submitted,

**FEDERAL PUBLIC DEFENDER**
506 S. Main St., Ste. 400
Las Cruces, New Mexico 88001
(575) 527-6930

By:*/s/ Darren Robinson*
DARREN ROBINSON
Assistant Federal Public Defender

and

By:*/s/ Daniel Rubin*
DANIEL RUBIN
Assistant Federal Public Defender